Janice M. Bellucci, Esq., SBN 108911
LAW OFFICE OF JANICE M. BELLUCCI
235 East Clark Avenue, Suite C
Santa Maria, California 93455
Tel: (805) 896-7854
Fax: (805) 928-8736
JMBellucci@aol.com

Attorney for Plaintiffs John Doe #1, John Doe #2, John Doe #3, John Doe #4, John Doe #5, John Doe #6, John Doe #7, John Doe #8, Jane Doe #9, and Jane Doe #10

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE #1, an individual; JOHN DOE #2, an individual; JOHN DOE #3, an individual; JOHN DOE #4, an individual; JOHN DOE #5, an individual; JOHN DOE #6, an individual; JOHN DOE #7, an individual; JOHN DOE #8, an individual; JANE DOE #9, an individual; and JANE DOE #10, an individual, <br><br>Plaintiffs, <br><br>vs. <br><br>BRENT OESTERBLAD, an individual; DAVID OESTERBLAD, an individual; SARAH SHEA, an individual; CHUCK RODRICK II, an individual; TRACI HEISIG, an individual; KEVIN MILLER, an individual; MELBOURNE IT DBS, INC., a corporation; and DOES 1 through 10, inclusive, <br><br>Defendants. | Case No.: EDCV13 – 00514 JGB (DTBx) <br><br>**AMENDED AND VERIFIED COMPLAINT FOR RELIEF** <br><br>[Violations of RICO] <br><br>[Violations of Right of Publicity] <br><br>[Negligent/Intentional Infliction of Emotional Distress] <br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1. This action challenges Defendants' violations of the Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. §1961, et seq., due to Defendants' conspiracy to act through a pattern of racketeering activity, including but not limited to, extortion of Plaintiffs by requiring payment to remove their names, photographs, and/or identification as "sex offenders" from websites available to the public in California.

2. This action also challenges Defendants' publication of Plaintiffs' names and photographs on websites available to the public without Plaintiffs' prior consent in violation of the California right of publicity, California Civil Code §3344.

3. This action further challenges Defendants' negligent and/or intentional infliction of emotional distress upon Plaintiffs.

## JURISDICTION AND VENUE

4. This court has jurisdiction over this action under 18 U.S.C. §1964(c).

5. Under 28 U.S.C. §1391(b)(2), venue is proper in this Federal district because a substantial part of the events giving rise to the claims have occurred and continue to occur in this district.

## PLAINTIFFS

6. Plaintiff John Doe #1 is a resident of the City of Grover Beach, California, and a citizen of the United States, and was both at all times mentioned herein and relevant to this action. Plaintiff John Doe #1 is required to register as a sex offender as a result of his conviction in 1979 in a Superior Court of California for violation of a sex-related offense, that is, California Penal Code Section 288. Information regarding Plaintiff John Doe #1, including his name and photograph, have been publicly posted on privately owned websites, including but not limited to, SORarchives, Offendex and Online Detective, at all times herein mentioned and relevant to this action. Plaintiff did not provide Defendants with prior consent for the posting of any information regarding him, including, but not limited to, his name and photograph. Plaintiff John Doe #1 has requested and paid a fee for removal of his name and photo from a privately owned website; however, his name and photo remain on that website. Plaintiff John Doe #1 has experienced both emotional and financial harm, including, but not limited to, injury to his business and property as a result of the publication of his name and photograph by Defendants.

7. Plaintiff John Doe #2 is a resident of the City of Morongo Valley, California, and a citizen of the United States, and was both at all times mentioned herein and relevant to this action. Plaintiff John Doe #2 is required to register as a sex offender as a result of his conviction in 1999 in a Superior Court of California for violation of a sex offense, that is, California Penal Code Section

1  311.1(a).  Information regarding Plaintiff, including his name and photograph, have been publicly
2  posted on Defendants' websites, including but not limited to, SORarchives, Offendex and Online
3  Detective, at all times herein mentioned and relevant to this action.  Plaintiff John Doe #2 did not
4  provide Defendants with prior consent for the posting of any information regarding him, including
5  but not limited to, his name and photograph.  Plaintiff John Doe #2 has requested and paid a fee for
6  removal of his name and photo from a privately owned website; however, his name and photo
7  remain on that website.  Plaintiff John Doe #2 has experienced both emotional and financial harm,
8  including, but not limited to, injury to his business and property as a result of the publication of his
9  name and photograph by Defendants.

10    8.  Plaintiff John Doe #3 is a resident of the City of Monte Rio, California, and a citizen
11  of the United States, and was both at all times mentioned herein and relevant to this action.  Plaintiff
12  John Doe #3 was convicted in 1999 of a sex-related offense, that is, violation of Uniform Code of
13  Military Justice Article 134, but is not required to register as a sex offender.   Information regarding
14  Plaintiff John Doe #3 and his conviction for a sex-related offense has never been published on a
15  State Megan's Law website or any other government website.  However, Plaintiff John Doe #3 has
16  been identified as a sex offender and information regarding Plaintiff John Doe #3, including his
17  name and photograph, has been publicly posted on privately owned websites, including but not
18  limited to, SORarchives, Offendex and Online Detective, at all times herein mentioned and relevant
19  to this action.  Plaintiff John Doe #3 did not provide Defendants with prior consent for the posting
20  of any information regarding him, including, but not limited to, his name and photograph.   Plaintiff
21  John Doe #3 has requested and paid a fee for removal of his name and photo from a privately owned
22  website; however, his name and photo remain on that website.  Plaintiff John Doe #3 has
23  experienced both emotional and financial harm, including, but not limited to, injury to his business
24  and property as a result of the publication of his name and photograph by Defendants.

25    9.  Plaintiff John Doe #4 is a resident of the City of Seattle, Washington, and a citizen of
26  the United States, and was both at all times mentioned herein and relevant to this action.  Plaintiff
27  was required to register as a sex offender for a period of 10 years ending in January 2013 as a result
28  of his conviction in 2002 in the State of Washington for violation of a sex-related law, that is,

Revised Code of Washington 9A.44.079.  Information regarding Plaintiff John Doe #4, including his name and photographs, has been publicly posted on privately owned websites, including but not limited to, SORarchives, Offendex and Online Detective, at all times herein mentioned and relevant to this action.  Plaintiff John Doe #4 did not provide Defendants with prior consent for the posting of any information regarding him, including, but not limited to, his name and photograph.   Plaintiff John Doe #4 has requested and paid a fee for removal of his name and photo from a privately owned website; however, his name and photo remain on that website.   Plaintiff John Doe #4 has experienced both emotional and financial harm, including, but not limited to, injury to his business and property as a result of the publication of his name and photograph by Defendants.

10. Plaintiff John Doe #5 is a resident of the City of Seattle, Washington, and a citizen of the United States, and was both at all times mentioned herein and relevant to this action.  Plaintiff John Doe #5 was convicted of a sex-related offense in 1996 in the State of Washington but is not required to register as a sex offender.  Information regarding Plaintiff John Doe #5, including his name and photograph, has been publicly posted on privately owned websites, including, but not limited to, SORarchives, Offendex and Online Detective, at all times herein mentioned and relevant to this action.  Plaintiff John Doe #5 did not provide Defendants with prior consent for the posting of any information regarding him, including, but not limited to, his name and photograph.   Plaintiff John Doe #5 has requested and paid a fee for removal of his name and photo from a privately owned website; however, his name and photo remain on that website.   Plaintiff John Doe #5 has experienced both emotional and financial harm, including, but not limited to, injury to his business and property as a result of the publication of his name and photograph by Defendants.

11. Plaintiff John Doe #6 is a resident of the City of Almo, Kentucky, and a citizen of the United States, and was both at all times mentioned herein and relevant to this action.  Plaintiff John Doe #6 is not currently required to register as a sex offender.  Plaintiff John Doe #6 was convicted of a sex-related offense in Arizona in 1985 and was required to register as a sex offender until 2010.  Information regarding Plaintiff John Doe #6 and the offense for which he was convicted was published on the Kentucky Megan's Law website was removed in 2012.  Information regarding Plaintiff John Doe #6, including his name and photograph, has been publicly posted on privately

owned websites, including, but not limited to, SORarchives, Offendex and Online Detective, at all times herein mentioned and relevant to this action. Plaintiff John Doe #6 did not provide Defendants with prior consent for the posting of any information regarding him, including, but not limited to, his name and photograph. Plaintiff John Doe #6 has requested and paid a fee for removal of his name and photo from a privately owned website; however, his name and photo remain on that website. Plaintiff John Doe #6 has experienced both emotional and financial harm, including, but not limited to, injury to his business and property as a result of the publication of his name and photograph by Defendants.

12. Plaintiff John Doe #7 is a resident of the city of Johnson City, Tennessee. Plaintiff John Doe 7 was convicted of a sex-related offense in 1995in the State of Tennessee and is required to register as a sex offender. On information and belief information regarding Plaintiff John Doe 7, including his name and photograph, have been publicly posted on privately owned websites, including, but not limited to, SORarchives, Offendex and Online Detective, at all times herein mentioned and relevant to this action. Plaintiff John Doe #7 did not provide Defendants with prior consent for the posting of any information regarding him, including, but not limited to, his name and photograph. Plaintiff John Doe #7 has requested and paid a fee for removal of his name and photo from a privately owned website; however, his name and photo remain on that website. Plaintiff John Doe 7 has experienced both emotional and financial harm, including, but not limited to, injury to his business and property as a result of the publication of his name and photograph by Defendants.

13. Plaintiff John Doe #8 is a resident of the city of Eugene, Oregon. Plaintiff John Doe #8 was convicted of a sex-related offense in 2007 in Oregon and was not required to register as a sex offender as a result of that conviction. On information and belief, information regarding Plaintiff John Doe #8, including his name and photograph, have been publicly posted on privately owned websites, including, but not limited to, SORarchives and Offendex, at all times herein mentioned and relevant to this action. Plaintiff John Doe #8 did not provide Defendants with prior consent for the posting of any information regarding him, including, but not limited to, his name and photograph. Plaintiff John Doe #8 has requested and paid a fee for removal of his name and photo

from a privately owned website; however, his name and photo remain on that website. Plaintiff John Doe #8 has experienced both emotional and financial harm, including, but not limited to, injury to his business and property as a result of the publication of his name and photograph by Defendants.

14.  Jane Doe #9 is a resident of the city of Seattle, Washington. Plaintiff Jane Doe #9 has not been convicted of a sex-related offense or any other offense and is not required to register as a sex offender. Plaintiff Jane Doe #9 is married to Plaintiff John Doe #4. On information and belief, information regarding Jane Doe #9, including her name and photograph, has been publicly posted on privately owned websites, including but not limited to, SORarchives. Plaintiff Jane Doe #9 has experienced both emotional and financial harm, including but not limited to injury to her business and property as a result of the publication of her name and photograph by Defendants.

15.  Jane Doe #10 is a resident of the city of Seattle, Washington. Plaintiff Jane Doe #10 has not been convicted of a sex-related offense or any other offense and is not required to register as a sex offender. Plaintiff Jane Doe #10 is the mother of Plaintiff John Doe #5. On information and belief, information regarding Jane Doe #10, including her name and photograph, has been publicly posted on privately owned websites, including but not limited to, SORarchives. Plaintiff Jane Doe #10 has experienced both emotional and financial harm, including but not limited to injury to her business and property as a result of the publication of her name and photograph by Defendants.

16.  Plaintiffs John Doe #1, John Doe #2, John Doe #3, John Doe #4, John Doe #5, John Doe #6, John Doe #7, John Doe #8, Jane Doe #9 and Jane Doe #10 are collectively referred to herein as "Plaintiffs".

**DEFENDANTS**

17.  On information and belief, Defendant Brent Oesterblad owns, operates, maintains, serves as an agent of, and/or is employed by websites, including, but not limited to, SORarchives, Offendex and Online Detective, published in California at all times herein mentioned and relevant to this action. On information and belief, Defendant Brent Oesterblad is a resident of Paradise Valley, Arizona.

18. On information and belief, Defendant David Oesterblad owns, operates, maintains, serves as an agent of, and/or is employed by websites, including, but not limited to, SORarchives, Offendex and Online Detective, published in California at all times herein mentioned and relevant to this action. On information and belief, Defendant David Oesterblad is a resident of Paradise Valley, Arizona.

19. On information and belief, Sarah Shea owns, operates, maintains, serves as an agent of, and/or is employed by websites, including, but not limited to, SORarchives, Offendex and Online Detective, published in California at all times herein mentioned and relevant to this action. On information and belief, Defendant Sarah Shea is a resident of Paradise Valley, Arizona.

20. On information and belief, Defendant Chuck Rodrick II owns, operates, maintains, serves as an agent of, and/or is employed by privately owned websites, including, but not limited to, SORarchives, Offendex and Online Detective, published in California at all times herein mentioned and relevant to this action. On information and belief, Defendant Chuck Rodrick II is a resident of Desert Hills, Arizona.

21. On information and belief, Defendant Traci Heisig owns, operates, maintains, serves as an agent of, and/or is employed by privately owned websites, including, but not limited to, SORarchives, Offendex and Online Detective, published in California at all times herein mentioned and relevant to this action. On information and belief, Defendant Traci Heisig is a resident of Desert Hills, Arizona.

22. On information and belief, Defendant Kevin Miller owns, operates, maintains, serves as an agent of, and/or is employed by websites, including, but not limited to, SORarchives, Offendex and Online Detective, published in California at all times herein mentioned and relevant to this action. On information and belief, Defendant Kevin Miller is a resident of Scottsdale, Arizona.

23. On information and belief, Defendant Melbourne IT DBS, Inc. is the registrar of the domain names and in that capacity served as an agent for SORarchives, Offendex and/or Online Detective, published in California at all times herein mentioned and relevant to this action. On

information and belief, Defendant Melbourne IT DBS, Inc. is a business incorporated in California and is conducting business in Santa Clara, California.

24. The true names and capacities of Defendants sued as Does 1 through 10 are unknown to Plaintiffs, who therefore sue such Defendants by fictitious names. Plaintiffs will seek leave to further amend this Complaint, if necessary, to reflect the true names once they have been ascertained.

25. Defendants Brent Oesterblad, David Oesterblad, Sarah Shea, Chuck Rodrick II, Traci Heisig, Kevin Miller, Melbourne IT DBS, Inc. and Does 1 through 10 are collectively referred to herein as "Defendants".

## FACTUAL ALLEGATIONS

26. On information and belief, Defendants owned, operated, maintained, served as agents of, and/or were employed by the website "Offendex" published in California and all states within the United States. The "Offendex" website listed names and photographs of Plaintiffs without obtaining prior consent from Plaintiffs. In addition, Defendants identified and/or listed Plaintiffs as sex offenders on that website.

27. On information and belief, Defendants have conspired to extort money from Plaintiffs when they required Plaintiffs to pay up to $500 for removal of their names and photographs from the "Offendex" website. When Plaintiffs failed to pay Defendants for removal of this information from the "Offendex" website, the information continued to be published therein.

28. As a result of the publication of their names and photographs on the "Offendex" website, Plaintiffs have experienced both emotional and financial harm, including injury to business and property.

29. On information and belief, Defendants own, operate, maintain, serve as agents of, and/or are employed by the website "Online Detective" published in California and all states within the United States. The "Online Detective" website listed names and photographs of Plaintiffs without obtaining prior consent from Plaintiffs. In addition, Defendants identified or listed Plaintiffs (John Does 1 through 8) as sex offenders on that website.

30. On information and belief, Defendants conspired to extort money from Plaintiffs by requiring each of them to pay for removal of their names and photographs from the "Online Detective" website. When Plaintiffs failed to pay Defendants for removal of this information from the "Online Detective" website, the information continued to be published therein.

31. As a result of the publication of their names and photographs as well as identified as a sex offender on the "Online Detective" website, Plaintiffs have experienced both emotional and financial harm, including injury to business and property.

32. On information and belief, Defendants own, operate, maintain, serve as agents of, and are employed by the website "SORarchives" published in California and all states within the United States. The "SORarchives" website listed names and photographs of Plaintiffs without obtaining prior consent from Plaintiffs. In addition, Defendants identified and/or listed Plaintiffs as sex offenders on that website.

33. On information and belief, Defendants have conspired to extort money from Plaintiffs by requiring each of them to pay for removal of their names and photographs from the "SORarchives" website. Plaintiffs have paid Defendants to remove this information from the "SORarchives" website; however, the information continues to be published therein.

34. As a result of the publication of their names and photographs as well as being identified as a sex offender on the "SORarchives" website, Plaintiffs have experienced both emotional and financial harm, including injury to business and property.

35. Upon information and belief, Defendants have many paying customers who reside in the State of California who each use Defendants' respective services in the State of California. Upon information and belief, Defendants conduct continuous and systematic business in the State of California including in the counties within the jurisdiction of this court.

36. Upon information and belief, Plaintiffs allege that Defendants gained great pecuniary benefit from the unauthorized use of Plaintiffs' names and images by using them to build their businesses and promote their services.

37. Defendants' conspiracy to obtain money from Plaintiffs in exchange for removal of information regarding Plaintiffs from the aforementioned websites constitutes extortion as defined

9
AMENDED VERIFIED COMPLAINT FOR RELIEF (18 U.S.C. §1961)

in California Penal Code §518 which states, "(e)xtortion is the obtaining of property from another, with his consent … induced by a wrongful use of force or fear."

38. Defendants' acts of extortion as described above constitute a pattern of racketeering activity in violation of 18 U.S.C. Section 1961 et seq., Racketeer Influenced and Corrupt Organizations (RICO).

39. Defendants' failure to obtain prior consent from Plaintiffs before publishing their names and photographs on the "Offendex", "Online Detective" and "SORarchives" websites violates California Civil Code §3344.

40. Defendants have intentionally inflicted emotional distress upon Plaintiffs.

41. Unless Defendants are enjoined from further use and publication of the names and photographs of all Plaintiffs, as well as the identification of some plaintiffs as sex offenders, Plaintiffs will suffer further irreparable injury.

**FIRST CLAIM**

**(18 U.S.C. § 1961 – Racketeer Influenced and Corrupt Organization (RICO))**

42. Plaintiffs re-allege paragraphs 1 through 41 of this Complaint as though fully set forth herein.

43. RICO provides that it is unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity.  18 U.S.C. §1962(c).

44. RICO defines enterprise as an individual, partnership, corporation, association, or other legal entity.  18 U.S.C. §1961(4).

45. RICO defines patterns of racketeering activity as at least two acts of racketeering activity, one of which occurred after the effective date of its chapter.  18 U.S.C. §1961(5).

46. The definition of racketeering activity in RICO includes extortion.  18 U.S.C. §1961(1)(A).

47. Defendants are employed by or associated with an enterprise that has engaged in interstate commerce through the creation, operation, administration, and maintenance of at least three websites published in all 50 states.

48. The enterprise which has created, operated, and maintained the websites has conducted in racketeering activity due to its extortion of funds from Plaintiffs.

49. As a result of their employment by or association with such enterprise, Defendants have derived income, directly or indirectly, from a pattern of racketeering activity.

50. The racketeering activities of Defendants have caused injury to Plaintiffs' business and/or property by publication of their names and photographs on the aforementioned websites as well as requiring them to pay the enterprise in order to have their name and photograph removed from the aforementioned websites.

## SECOND CLAIM

### (California Civil Code §3344 – Right of Publicity)

51. Plaintiffs re-allege paragraphs 1 through 50 of this Complaint as though fully set forth herein.

52. California Civil Code §3344(a) prohibits any person from knowingly using another person's name or photograph for purposes of advertising or selling, or soliciting purchases of, products, merchandise, goods or services, without such person's prior consent. Photograph means any photograph or photographic reproduction such that the person is readily identifiable.

53. By using the names and photographs of the Plaintiffs on and in connection with the advertising or selling, or soliciting purchases of, services of the Defendants' websites, Defendants are infringing Plaintiffs' right to publicity, specifically, but not limited to, the offer of the removal services.

54. The conduct ascribed above to the Defendants herein constitutes a violation of California Civil Code §3344(a) and such violation is the direct and proximate cause of the injuries sustained by Plaintiffs and the injuries that will be further inflicted upon Plaintiffs should Defendants continue to use Plaintiffs' images for commercial use.

55. The status of the photographs and names as part of the public record does not relieve Defendants of the obligation to obtain consent from those whose persona they are exploiting for commercial gain.

56. Defendants wrongfully use Plaintiffs' personas for a commercial purpose in multiple ways, including, but not limited to, sales of the photo-removal services, which is not in connection with any news, public affairs, sports broadcast or account or any political campaign, thereby falling outside of the exceptions under California Civil Code §3344(b)(2).

## THIRD CLAIM

### (Negligent/Intentional Infliction of Emotional Distress)

57. Plaintiffs re-allege paragraphs 1 through 56 of this Complaint as though fully set forth herein.

58. Defendants' publication of Plaintiffs' names and photographs as well as their identification of a sex offender on three public websites is outrageous conduct because it knowingly placed Plaintiffs at risk of grave physical harm, even death, unemployment, and homelessness.

59. Defendants' acts were performed with reckless disregard as to risks associated with the publication of Plaintiffs' names and photographs.

60. Plaintiffs have suffered severe emotional distress, including public humiliation and depression, due to risk of grave physical harm, lost employment opportunities, and inability to obtain adequate housing.

61. As a direct and proximate result of Defendants' outrageous acts, Plaintiffs have suffered emotional distress resulting in the need for professional medical services, including, but not limited to, psychological counseling and medical assistance.

## PRAYER FOR RELIEF

62. Because of the actions alleged above, Plaintiffs seek judgment against Defendants as follows:

    a. Temporary and permanent injunctive relief;

    b. Actual damages, including any profits derived from or attributable to the unauthorized use of Plaintiffs' names and photographs;

   c.  Punitive damages for the willful violation of Plaintiffs' right of publication;

   d.  Order requiring Defendants to divest themselves of any interest, direct or indirect, in any website;

   e.  Treble damages;

   f.  Costs, expenses, and reasonable attorney's fees.

   g.  Any other and further relief the Court deems necessary, just or proper.

Dated: April 9, 2013   LAW OFFICE OF JANICE M. BELLUCCI

    By: _____/s/_____
      Janice M. Bellucci
      Attorney for Plaintiffs